MEMORANDUM DECISION
Appellant, Bo Guess, has filed a motion for delayed appeal pursuant to App. R. 5(A). Appellant seeks to appeal the trial court's September 9, 1994 ruling allowing appellant's attorney to withdraw. App. R. 5(A) provides as follows:
RULE 5. Appeals by leave of court in criminal cases
 (A) Motion by defendant for delayed appeal. After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *
Although App. R. 5(A) has been amended to delete requirements that the appellant set forth reasons that would support his appeal, this court has recognized that the rule does not operate to permit unlimited access to appellate courts. The rule does not relieve the moving party from demonstrating a reasonable explanation for failure to perfect a timely appeal.State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855, unreported (1994 Opinions 3972).
In the first instance, a trial court's ruling granting leave for an attorney to withdraw is not an appealable order. Second, given the numerous other filings by appellant in this court, he has failed to set forth any reason for his delay in even attempting to appeal this 1994 ruling, assuming it would be appealable in the first instance.
Therefore, appellant's motion for delayed appeal is overruled.
Motion for delayed appeal denied.
DESHLER and PETREE, JJ., concur.